# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ELWOOD GLADFELTER,** | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-1907 |
| v. | : | |
| | : | (Judge Rambo) |
| **LEE J. ESTOCK,** *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

On October 19, 2020, *pro se* Petitioner Elwood Gladfelter ("Petitioner"), who is currently incarcerated at the State Correctional Institution Pine Grove in Indiana, Pennsylvania ("SCI Pine Grove"), initiated the above-captioned case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Following an Order to show cause (Doc. No. 9), Respondents filed a motion to dismiss Petitioner's § 2254 petition as untimely (Doc. No. 11). To date, Petitioner has filed neither a response nor a motion seeking an extension of time to do so. Accordingly, because the time for filing a response has expired, Respondents' motion to dismiss and Petitioner's § 2254 petition are ripe for disposition.

## I.   BACKGROUND

On August 10, 2017, in the Court of Common Pleas for York County, Pennsylvania, Petitioner pled guilty to two (2) counts of robbery, one (1) count of deceptive business practices, one (1) count of theft by deception, one (1) count of criminal mischief, and one (1) count of driving under suspension. (Doc. No. 11-1 at

3-76.) He was sentenced to an aggregate term of ten (10) to twenty (20) years' imprisonment. (*Id.*) Petitioner did not file any post-sentence motions and did not appeal his convictions and sentence to the Superior Court of Pennsylvania.

On August 16, 2018, Petitioner filed a "Notice of Intent to File a *Pro Se* Motion for Post Conviction Collateral Relief." (*Id.* at 81.) On April 5, 2019, Petitioner filed his Post Conviction Relief Act ("PCRA") petition in the Court of Common Pleas for York County. (*Id.*) On April 25, 2019, the PCRA court conducted a *Grazier*[1] hearing and concluded that Petitioner's waiver of his right to counsel to represent him in PCRA proceedings was "made knowingly, voluntarily, and intelligently." (*Id.*) On July 2, 2019, the PCRA court issued a notice of intent to dismiss Petitioner's PCRA petition. (Doc. No. 11-1 at 3-76.) On August 6, 2019, the PCRA court denied Petitioner's PCRA petition. (*Id.* at 77-86.) The PCRA court first concluded that Petitioner's PCRA petition was untimely because it was "filed beyond one year of the date on which his judgment of sentence became final" and because Petitioner had not pled an exception to "the one-year jurisdictional rule." (*Id.* at 83.) The PCRA court further noted that if the Superior Court were to construe Petitioner's "Notice of Intent to File a *Pro Se* Motion for Post Conviction Collateral

---

[1] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988). In *Grazier*, the Supreme Court of Pennsylvania concluded that "[w]hen a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one." *Id.* at 82.

Relief" as an "imperfectly-filed" PCRA petition, Petitioner's first ground, asserting constitutional violations, lacked merit because "all grounds of appeal are waived when the accused enters a guilty plea except challenges to the voluntariness of the plea, jurisdiction of the sentencing court and legality of the sentence." (*Id.* at 84.) The PCRA court concluded further that Petitioner's allegations of ineffective assistance of counsel lacked merit because he "entered a voluntary, intelligent and knowing plea and . . . was not misled nor misinformed when he tendered his guilty plea." (*Id.* at 84-85.) Finally, the PCRA court noted that Petitioner's claim that he was serving an illegal sentence was waived and without merit. (*Id.* at 85-86.)

Petitioner appealed the denial of his PCRA petition to the Superior Court of Pennsylvania. (*Id.* at 87-112.) On July 10, 2020, the Superior Court quashed Petitioner's appeal. (*Id.* at 114-18.) Specifically, the Superior Court concluded that the rule set forth in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), mandated that the appeal be quashed because Petitioner had not filed separate notices of appeal for his separate criminal dockets. (*Id.* at 116-18.) Petitioner filed the instant § 2254 petition on October 19, 2020. (Doc. No. 1.) In his § 2254 petition, Petitioner raises one claim of ineffective assistance of trial and appellate counsel. (*Id.* at 5.) He maintains that counsel abandoned him and "refused to argue and seek out a defense or conduct an investigation." (*Id.*)

## II. STANDARD OF REVIEW

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.* States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an

4

unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

## III. DISCUSSION

As noted above, Respondents argue that Petitioner's § 2254 petition is untimely filed pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2244(d), a state prisoner is subject to a one-year statute of limitations for the filing of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. This statute provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under this statute of limitation, a prisoner generally must file a federal habeas corpus petition within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the applicable starting point for the statute of limitation is the "conclusion of direct review or the expiration of the time for seeking such review." *Id.* As noted *supra*, Petitioner did not file a direct appeal of his convictions and sentence. Thus, his convictions became final on September 9, 2017, thirty (30) days after the trial court imposed Petitioner's sentence. *See Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999); Pa. R. Crim. P. 720(a)(3). Therefore, Petitioner had one (1) year from September 9, 2017, or until September 10, 2018,[2] to file a timely § 2254 petition. Petitioner filed his § 2254 petition on October 13, 2020, the date on which Petitioner asserts he placed it in the prison mailing system for mailing to this Court. (Doc. No. 1 at 9); *see Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's document is filed at the time he

---

[2] One (1) year from September 9, 2017 fell on Sunday, September 9, 2018. The Federal Rules of Civil Procedure, however, provide that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

places it in the prison mailing system for forwarding to the court). Consequently, unless it is subject to statutory or equitable tolling, it is jurisdictionally time-barred.

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly-filed state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(2). An application for state post-conviction relief is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *See Artuz v. Bennett*, 431 U.S. 4, 8 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for *certiorari*." *See Lawrence v. Florida*, 549 U.S. 327, 333-36 (2007).

Petitioner filed his PCRA petition on April 5, 2019. (Doc. No. 11-1 at 81.) However, Petitioner's PCRA petition does not operate to toll the statute of limitations because it was denied by the PCRA court as untimely filed. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2008), the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter'" for purposes of § 2244(d)(2)." *Id.* at 14 (quoting *Carey v. Saffold*, 536 U.S. 214 (2002)). Case law is clear that an untimely PCRA petition is not "properly filed"

7

and, therefore, does not toll the statute of limitations. *Id.* at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2)."). Accordingly, Petitioner is not entitled to statutory tolling, and the AEDPA limitations period expired on September 10, 2018.[3] Thus, Petitioner's § 2254 petition is barred by the statute of limitations unless he can establish that he is entitled to equitable tolling.[4]

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace*, 544 U.S. at 418). Accordingly, equitable tolling is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006). The United States Court of Appeals for the Third Circuit has found that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from

---

[3] As noted above, Petitioner filed a "Notice of Intent to File a *Pro Se* Motion for Post Conviction Collateral Relief" on August 16, 2018. (*Id.* at 81.) The PCRA court indicated, however, that Petitioner's notice did not serve to excuse his untimely PCRA petition because "[n]o court shall have the authority to entertain a request for any form of relief in anticipation of the filing of a [PCRA] petition." 42 Pa. Cons. Stat. § 9545(a). Thus, Petitioner is not entitled to statutory tolling for the period from August 16, 2018 until April 5, 2019, when he filed his PCRA petition.

[4] Petitioner does not argue for, and nothing in the record supports, belated commencement of the limitations period pursuant to 28 U.S.C. § 2244(d)(1)(B)-(D).

asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)).  The petitioner bears the burden of establishing that he is entitled to benefit from equitable tolling.  *See Pace*, 544 U.S. at 418.

The Supreme Court has further recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  Such claims, however, are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence."  *Id.* at 327.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

In the instant case, Petitioner presents no argument or evidence to account for his delay in seeking federal habeas relief from this Court.  Moreover, Petitioner does not indicate that extraordinary circumstances obstructed his pursuit of such relief.  Finally, Petitioner advances no claim of actual innocence or the discovery of new

evidence that would support such a finding. Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

## V. CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss (Doc. No. 11) will be granted, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed as untimely, and a COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: December 30, 2020